GRAFF et al. v. BOESCH et al.

(Circuit Court, N. D. California. October 3, 1887.)

1. PATENTS FOR INVENTIONS—PATENTABILITY—INFRINGEMENT.

On the facts disclosed by the proofs, held, that the first claim of letters patent No. 289,571, granted to Carl Schwintzer and William Graff for a lamp-burner, shows a patentable invention, and is infringed by the lamp-burners sold by respondents.

2. SAME—RIGHTS OF PURCHASER IN THE UNITED STATES FROM MANUFACTURER IN A FOREIGN COUNTRY.

Where an invention was patented in Germany, and subsequently patented in the United States, and under the German patent-laws a manufacturer in Germany had a right to practice the invention in Germany, because he had made preparation to do so prior to the issue of the German patent, and for that reason the German patent was of no effect as against him, a purchaser in the United States, purchasing from such manufacturer in Germany, has no right to sell the articles in the course of trade in the United States without license from the owner of the United States patent.

(Syllabus by the Court.)

In Equity. Bill for infringement of patent.

Langhorne & Miller, for complainants.

Scrivner & Boone, for respondents.

SAWYER, J., (orally.) I have carefully examined this case. I am not satisfied that the first claim does not cover a patentable invention. It is a combination. The German court, which had it under consideration, evidently held it to be a patentable invention. It was also of the opinion that the defendants' instrument is an infringement, and so am I. At all events, I am not satisfied that it is not a patentable invention. The patent itself is prima facie evidence on this point which is not satisfactorily overthrown. It is claimed, however, because a man by the name of Hecht has a right to manufacture this invention in Germany, that these articles which the defendant brought here, having been purchased in Germany of him who had a right to manufacture them, the purchaser can lawfully import and sell them here. I do not think that can be done. I do not think the case is at all within the range of any of the cases cited. In fact the first case cited by the defendant is directly the other way. The case that has gone further than any of them is Adams v. Burke, 17 Wall. 453, decided by the supreme court, where the patentee holding an American patent has himself sold his right to a particular district, free from any restrictions whatever. It was held that a purchaser from an assignee within the district, to which the right was sold, of an article manufactured in the district, was authorized to use the article in any district. But the decision was carefully limited to the use. Nothing was said as to the right to sell the article outside the district.

The case of McKay v. Wooster, 2 Sawy. 373, cited from the decisions of this court, does not go so far as seems to be generally supposed, because that is limited, so far as the facts and the decision go, to the case where

a patentee had sold a limited territory while owning the whole, without any limitation or restriction whatever, so that the assignee could make and sell within that territory without limitation or restriction, to be used anywhere, as the patentee could do. A subsequent assignee of another district, could not obtain any more than the patentee had at the time of the latter assignment. The patentee could have sold the right to use anywhere in the United States at the time of the first partial assignment. He did not put in the assignment any limitation, or restriction, as to sales within the district assigned. The next purchaser, who takes another portion of territory, takes subject to that right before assigned, which counsel do not seem to have noticed. The purchase of California in that case was a subsequent purchase of territory with this limitation upon it. The first patent for the invention involved in this case is not an American patent at all. It is a German patent. Hecht, the man who has a right to manufacture in Germany, did not get his right from the patentee. He does not claim under the patent. Under the laws of Germany, when a patent is issued, if another man has made a machine of the kind patented, or is prepared to make it, before the patent issues, the patentee has no right as against him. That was the position of Hecht, who manufactured in Germany the infringed articles now in question, and sold them to the party who imported them from Germany and sold them here. At the time that patent was issued, or applied for, Hecht had already made the patented article, or got machinery ready for making it. That, under the German law, took it out of the patent as to him, so that, although the patentee had a right, in Germany, as against anybody else, he had no right as against Hecht. Hecht did not get his right from the patentee at all. He got it wholly independent of him, so that, even if the same invention is patented in this country, he got no right from the patentee in either country. Hecht simply got such right as the German patent law gave him. If these parties here can buy of anybody else who can lawfully manufacture the machine in Germany without the consent of the patentee, then all that is necessary to do to defeat or avoid an American patent, is to step over the line into Mexico or Canada, where the patent does not reach, and manufacture and stock the market in the United States by importation which can be done without any authority from the patentee. This is an American patent. The complainants claim under it. They have purchased it, and no one else has got any right from the patentee in this country. I hold that parties who sell in the United States the patented articles manufactured in other countries, where the invention is not protected by a patent, are infringers.

I, therefore, find in favor of the complainants on the first claim of the patent. It will be referred to the master to ascertain the profits and damages.